## Case No. 15,876.

### UNITED STATES v. NICHOLS.

[4 Cranch, C. C. 290.] [1]

Circuit Court, District of Columbia.  March Term, 1833.

GUARDIAN — ACTION ON BOND — LIABILITY FOR MONEY RECEIVED IN ANOTHER JURISDICTION —REVOCATION OF AUTHORITY.

1. A guardian appointed by the orphans' court for the county of Washington, D. C., is liable to account there for money received by him for his ward in Maryland.

2. A guardian, whose authority is revoked, is bound by his bond to pay over the money in his hands to the person appointed by the orphans' court to receive it, although the person so appointed had not given bond as guardian.

Debt against a surety in a guardian's bond.

The condition of the bond was that the guardian should faithfully account with the orphans' court as directed by law; and should "also deliver up the said property to the order of the said court, or the directions of law," &c.  The declaration averred two breaches of the condition of the bond: (1) By not paying a balance in his hands of $78.87 to David Butler, according to the direction of the orphans' court; the said David Butler "being" appointed guardian in the place of John H. Beall, whose letters of guardianship were revoked. (2) By not paying to the said David Butler, according to the directions of the orphans' court, $150 which the

said John H. Beall had received for rents of the orphan's real estate in Maryland. The pleadings resulted in a demurrer, the principal questions in which were, whether the guardian was bound to account here, for money received in Maryland; and whether the orphans' court could lawfully order the money to be paid over to the new guardian before he had given bond for the faithful discharge of his duty.

Key & Dunlop, for defendant, contended that the defendant, who is a surety, is only liable for such property as the guardian here had a right to collect; and that he had no right to collect the effects of the ward in Maryland; and that, although a guardian may be liable in an action for money had and received, yet it is only because he has received it; and he is only liable as any other person would be, who has received the money of the ward. That the person from whom Beall received the money in Maryland was not justifiable in paying it to Beall, and is still liable for the same. That the surety who is about to sign the bond, considers the amount of property which the guardian would have a right to receive, and ought not to be made liable for more. They cited the act of Maryland of 1798, c. 101; Id. c. 12, §§ 1, 4; Williams v. Storrs, 6 Johns. Ch. 353; Morrell v. Dickey, 1 Johns. Ch. 153; and Genet v. Tallmadge, Id. 3.

Mr. Hellen, contra, cited Raborg's Adm'x v. Hammond's Adm'r, 2 Har. & G. 49.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the pleas were bad, and said (among other things):

The first plea admits the receipt of the money, and the order to pay it over; but denies that it was money for which the said John H. Beall was liable to account as guardian. The court, however, is of opinion that, although the money came from the funds existing out of the District of Columbia, yet, as it was received by him under color of his authority as guardian, he is bound to account for it as guardian. For if a stranger receive the rents and profits of an infant's estate, he may charge him and call him to account as guardian. Bac. Abr. "Guardian," I; 1 Rolle, Abr. 661; Cro. Car. 221; Yallop v. Holworthy, 1 Eq. Cas. Abr. p. 7, pl. 10; Newburgh v. Bickerstaffe, 1 Vern. 295; Falkland v. Bertie, 2 Vern. 342. And his bond covers all that he is bound to account for as guardian.

The second plea is, that at the time the order was made to pay the money over to Butler, he had not given bond as guardian, and, therefore, was not lawful guardian to receive the money. This plea assumes that the orphans' court had no authority to order the guardian to pay the money over to a stranger, and that such an order is absolutely void, and, therefore, it was no breach of the bond to disobey the order. But it does not appear that the orphans' court might not lawfully order the money to be paid over to Butler, although he had not been appointed guardian; or had not given bond. He might have been appointed a receiver for safe keeping. The declaration does not aver that Butler had been appointed guardian before the order was made, or before the money was to be paid; it merely describes Butler as "being appointed guardian." But if it were necessary that Butler should give bond and security before he could lawfully receive the money, the order to pay it over would not be illegal, as no time of payment was specified in the order stated in the declaration; and if previous security were necessary, the order would be considered as conditional, and to become absolute upon the security being given. It does not, therefore, necessarily follow that the order was void because the security was not given until after the date of the order.

The court is of opinion that all the pleas are insufficient.